IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES A. BEBO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Case No. 11-CV-0931-MJR |
| **DR. PHIL MARTIN,** | ) |
| **ELAINE HARDY,** | ) |
| **CHRIS BROOKS, and** | ) |
| **DR. JAMES FENOGLIO,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff James A. Bebo, currently incarcerated at Lawrence Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has named four prison medical personnel as defendants and attached a collection of documentation to his form complaint: grievances, correspondence, and pharmacy prescription slips. He appears to be dissatisfied with the medical care provide in the prison. *See* Doc. 1.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court does not hold a pro se litigant to the same standards as an attorney, the Court cannot fashion a complaint for a plaintiff. It is not for the Court to review Plaintiff's documentation and decide what claims Plaintiff should pursue. Therefore, this action is **DISMISSED without prejudice and with leave to amend**.

The Court will not enter final judgment at this time, instead allowing Plaintiff until **September 10, 2012**, to file an amended complaint stating a viable claim. If Plaintiff fails to file an amended complaint by the deadline, final judgment dismissing this action with prejudice shall automatically enter, as Plaintiff's failure to act will demonstrate that he has failed to prosecute his case. *See* Fed.R.Civ.P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 20, 2012**

                                                       s/ *Michael J. Reagan*
                                                       **MICHAEL J. REAGAN**
                                                       **UNITED STATES DISTRICT JUDGE**